J-S73023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

RODNEY DOMANICK EVANS

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 298 WDA 2016

Appeal from the PCRA Order January 26, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002898-2013

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 24, 2016**

Rodney Domanick Evans appeals from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

In May 2014, Evans pled guilty to possession with intent to deliver (PWID) (heroin)[2] and firearms not to be carried without a license.[3]  On July 24, 2014, Evans was sentenced to 36-72 months' imprisonment on the drug charge and 12-24 months' imprisonment on the firearms charge; he was determined to be ineligible for the Recidivism Risk Reduction Incentive

_____

[1] 42 Pa.C.S. § 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 6106(a)(1).

(RRRI) Program. The court imposed a mandatory minimum sentence on Evans' drug conviction. *See* 18 Pa.C.S. § 7508(a)(7)(ii) (mandatory minimum sentence of three years in prison and $15,000 fine when aggregate weight of heroin is at least 5.0 grams but less than 50 grams). No post-sentence motions or direct appeal were filed.

On October 2, 2015, Evans filed a PCRA petition alleging that his mandatory minimum sentence was illegal under the dictates of *Alleyne v. United States*, 133 S.Ct. 2151 (2013). On January 26, 2016, the trial court denied Evans' petition as untimely. This timely appeal follows in which he raises the following question for our consideration: "Did the lower court commit reversible error in failing to apply the decisions of *Alleyne v. United States* and *Commonwealth v. Newman* which makes [Evans'] mandatory sentence illegal and in determining that Mr. Evans' PCRA [petition] was not filed in a timely manner." Appellant's Brief, at 4.

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012).

Before we address the merits of Evans' claim on appeal, we must determine whether his PCRA was timely filed. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. *See* 42 Pa.C.S. § 9545(b)(1); *see*

*also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S. § 9545(b). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. *Id.* These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(ii)-(iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.* at (b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Instantly, Evans filed his PCRA petition on October 2, 2015. Evans' judgment of sentence became final for purposes of the PCRA on August 24, 2014, after the time expired for him to file a direct appeal from his sentence. Thus, he had until August 24, 2015 to file a timely PCRA petition. Because Evans' petition was filed more than one month beyond this date, it is facially untimely. However, we must determine whether Evans has pled and proven an exception to the PCRA time bar.

Instantly, Evans does not allege any section 9545(b)(1) exception. Rather, his illegal sentence claim is predicated upon the holding of the United States Supreme Court decision in *Alleyne*, *supra*, and the application of an unconstitutional mandatory minimum statute, 18 Pa.C.S. §

7508. In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Id.*, 133 S.Ct. at 2163. A challenge to a sentence premised upon *Alleyne* implicates the legality of the sentence. *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc). Moreover, while legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. *See* 42 Pa.C.S. § 9543(a)(2)(vii).

While Evans is correct that the mandatory minimum statute under which he was sentenced has been held unconstitutional, *Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014), in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. *See Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction[.]") (citation omitted)); *see also Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014) (where PCRA lacks jurisdiction over untimely PCRA petition and no timeliness exception proven, no relief due illegal sentence claim based on unconstitutional mandatory minimum under *Alleyne*).[4] Because Evans' petition is untimely and he does not meet any

---

[4] *See also Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016) (*Alleyne* does not apply retroactively to cases pending on collateral review).

timeliness exception, the trial court properly dismissed his petition. ***Johnston***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016